**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number:

Honorable United States District Court Judge:

PETER M. VUJIN,

    Plaintiff,

vs.

JENNIFER FALCONE, individually and in official capacity,
THE FLORIDA BAR, a subdivision and Agency of the State of Florida,
RUSSELL GALBUT, individually,
MONICA GORDO, State Court Judge, individually and in official capacity,
ERIC GRABOIS, individually,
ERIC J. GRABOIS, P.L, a Florida Company,
MICHAEL HIGER, solely in official capacity as the President of the Florida Bar,
MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., a Florida Corporation,
PEYTON BOLLIN, P.L., A Florida Company,
RONALD WOLFF, individually, AND
JOHN DOE, individually and in his official capacity as bailiff of the State of Florida.

**PLAINTIFF PETER M. VUJIN, ESQUIRE'S**
**CIVIL RIGHTS COMPLAINT FOR DECLARATORY RELIEF,**
**INJUNCTION AND DAMAGES**
**UNDER TITLE 42 UNITED STATES CODE SECTIONS 1983 AND 1985**

1.   Plaintiff, PETER M. VUJIN, ESQ., an Officer of this Honorable Court, and a citizen of the United States, and a member of the Florida Bar, respectfully brings this Action for Declaratory Relief, Injunctive Relief, and Damages, against JENNIFER FALCONE, THE FLORIDA BAR, RUSSELL GALBUT, MONICA GORDO, JUDGE OF THE STATE OF FLORIDA, ERIC GRABOIS, ERIC GRABOIS, P.L., MICHAEL HIGER, officially and solely as the Honorable PRESIDENT OF THE FLORIDA BAR, MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., PEYTON BOLLIN, P.L., RONALD WOLFF, and JOHN DOE, bailiff of the State of Florida, Defendants, for violations of Plaintiff's

1

individual rights under the First, Fifth, Sixth and Eight Amendments to the Constitution of the United States, in violation of Title 42, United States Code, Sections 1983 and 1985; Articles 3, 4, 9, 17 of the Constitution of the State of Florida; Section 784.011, Florida Statutes, 784.03, Florida Statutes, 784.048, Florida Statutes, 810.02, Florida Statutes, 810.08, Florida Statutes, 812.014, Florida Statutes, 815.06, Florida Statutes, 837.02, Florida Statutes, 837.012, Florida Statutes, 837.05, Florida Statutes, 874.05, Florida Statues, and section 895, Florida Statutes.

2. Jurisdiction of this Honorable Court is respectfully invoked in Equity, pursuant to Title 42 of the United States Code, Sections 1983 and 1985, respectively.  Furthermore, Jurisdiction of this Honorable Court is respectfully invoked pursuant to Title 28 of the United States Code, Sections 2201 and 2202, because this is a lawsuit for a Declaratory Judgment. Plaintiff politely seeks a declaration that the Defendants violated his civil rights under color of Law, and in addition, nefariously, maliciously and unlawfully conspired to violate his civil rights, under color of Law. This is an action for $10,000,000.00USD in damages, and satisfied the Jurisdictional requirement.

3. Venue is proper in this District under Title 28, United States Code, Section 1391, because all claims asserted arose in this District, and all the Defendants' acts occurred in Miami-Dade County, Florida.

4. Plaintiff PETER M. VUJIN, ESQ, is at all relevant times a resident of Miami-Dade County, State of Florida.

5. Defendant JENNIFER FALCONE is at all relevant times a resident of Miami-Dade County, State of Florida.

6. Defendant THE FLORIDA BAR is a subdivision of the State of Florida, and is at all relevant times a resident of Miami-Dade County, Florida.

7. Defendant RUSSELL GALBUT is at all relevant times a resident of Miami-Dade County, State of Florida.

8. Defendant MONICA GORDO, is at all relevant times a resident of Miami-Dade County, and a Circuit Court Judge of the State of Florida.

9. Defendant ERIC GRABOIS is at all relevant times a resident of Miami-Dade County, State of Florida.

10. Defendant ERIC J. GRABOIS, P.L. is at all relevant times a resident of Miami-Dade County, State of Florida.

11. Defendant MICHAEL HIGER is at all relevant times a resident of Miami-Dade County, State of Florida, and sued herein solely and with greatest respect in his official capacity, as the head and President of the Defendant THE FLORIDA BAR.

12. Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., is at all relevant times a resident of Miami-Dade County, State of Florida.

13. Defendant PEYTON BOLIN, P.L., is at all relevant times a resident of Broward County, State of Florida.

14. Defendant RONALD WOLFF, is at all relevant times a resident of Miami-Dade County, and Broward County, State of Florida.

15. Defendant JOHN DOE, is at all relevant times a resident of Miami-Dade County, State of Florida, and works at the Miami-Dade County Courthouse as a bailiff.

16. All conditions precedent to the maintenance of this Action, including those forth in Florida Statutes, Section 768.28, have been performed, have occurred prior to the filing of the Complaint, and have been waived by the State of Florida.

## FACTUAL ALLEGATIONS

17. On August 4th, 2008, Plaintiff obtained a Stipulation-Judgment for Fraud, pursuant to the the Offer of Settlement by Crescent Heights of America, Inc., and 1200 West Realty, LLC., in <u>Vujin vs. Galbut</u>, 2007-016810-CA-01 (Miami-Dade) against Crescent Heights of America, Inc., a corporation owned by the Defendant RUSSELL GALBUT and his alter ego, and against 1200 West Realty, a close-knit company owned by the Defendant RUSSELL GALBUT and his alter ego. Said Stipulation-Judgment is recorded in the Official Records Book 26513, Page 1621, Miami-Dade County Official Records.

18. Said Stipulation-Settlement is prima-facie evidence that the Defendant RUSSELL GALBUT is unlawfully operating Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, Inc., because the fraudulent Declaration of Condominium illegally reserved 5 out of 9 board members of the master-association, Mirador Master Association, Inc., to the relatives, agents and servants of Defendant RUSSELL GALBUT in perpetuity, in contravention of Florida Statutes Section 817.034, and Chapter 718, respectively.

19. On August 16th, 2008, Plaintiff obtained a Stipulation-Judgment for Fraud, pursuant to the the Offer of Settlement by 1100 West Properties, LLC., against 1100 West Properties, LLC., a close-knit company owned by the Defendant RUSSELL GALBUT and his alter

4

ego. Said Stipulation-Judgment is recorded in the Official Records Book 26576, Page Page 2611, Miami-Dade County Official Records.

20. Plaintiff represented several other people against the aforementioned parties, and secured settlements in all his clients' cases.

21. Shortly thereafter, the Defendants commenced a campaign of stalking, harassing and persecution of the Plaintiff through numerous criminal acts, including, without limitation: Burglary, Attempted Burglary, Armed Kidnaping, Extortion, Fraud, Stalking, Trespass, Electronic Trespass, Perjury, Assault and Battery, among other crimes that the Plaintiff suffered. Defendant RUSSELL GALBUT ordered all such criminal acts to be committed against the Plaintiff.

22. Defendant RUSSELL GALBUT is a State-actor, in that he is so intrinsically connected to the State of Florida, due to, among other things, the fact that he entered into preliminary negotiations with the State of Florida to build a new Miami-Dade Courthouse, leading one State Court Judge to question the appearance of impartiality for any parties damaged by Defendant RUSSELL GALBUT. All other Defendants, except the Honorable MICHAEL HIGER, are also State-actors as members of Defendant RUSSELL GALBUT'S criminal syndicate.

23. In late November, 2012, Plaintiff and his friend, Mr. Julio Gomez, were removed against their will from the Plaintiff's residence by Defendant RONALD WOLLF, ordered by Defendant RUSSELL GALBUT, under threat of a gun by a security guard dressed in Miami Police Department uniform, and employed by Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, Inc., and forcibly led in mortal fear under threat of deadly force to the lobby of the building. Plaintiff called the Miami Beach Police

Department, and the Sergeant in charge ordered Defendant RONALD WOLFF to cease and desist all criminal actions against the Plaintiff, and warned RONALD WOLFF that any further contact with the Plaintiff will result in the arrest of RONALD WOLFF. The Sergeant in charge filed a Police Report with the Miami Beach Police Department, numbered: 2012-00118089.

24. In late November, 2013, Plaintiff's friend, present at the Plaintiff's residence filed a Police Report with the Miami Beach Police Department, numbered: 13-131638, for Attempted Burglary, allegedly committed by Defendant RONALD WOLFF.

25. In August 2015, upon orders of Defendant RUSSELL GALBUT, Defendant RONALD WOLFF, then officer of the Defendant MIRADOR 1200 CONDOMINIUM, INC., pushed the Plaintiff and forced himself into the Plaintiff's condominium unit, thereby assaulting and battering the Plaintiff in front of several witnesses.

26. On July 7th, 2014, without notice to the Plaintiff, Defendants ERIC GRABOIS, ERIC J. GRABOIS, P.L., and/or PEYTON BOLLIN, P.L., successfully but fraudulently reopened a case titled: <u>Mirador Condominium Association, Inc. vs. Peter M. Vujin</u>, numbered 2009-048623-CA01, that had been dismissed previously. Said action is currently pending, despite the fact that the Plaintiff received a discharge in Bankruptcy in the Southern District of Florida in 2013, or early 2014.

27. In addition, Defendants ERIC GRABOIS, ERIC J. GRABOIS, P.L., and PEYTON BOLIN, P.L., ordered by Defendant RUSSELL GALBUT, filed and prosecuted, and continue to prosecute, the aforementioned Circuit Court action against the Plaintiff, to enforce a non-existent, unlawful debt through criminal racketeering, in that, Defendant MIRADOR 1200 CONDOMINIUM, INC., did not produce Audited Financial Statements

as commanded and duty-bound by Chapter 718, Florida Statutes for at least 10 years, and as such, the Plaintiff owes Defendant MIRADOR 1200 CONDOMINIUM, INC., nothing. Nonetheless, the Plaintiff had to defend this racketeering lawsuit, and filed a Counterclaim, and thereby the Defendants caused the Plaintiff Damages, among other things.

28. In the aforementioned action, <u>Mirador Condominium Association, Inc. vs. Peter M. Vujin</u>, numbered 2009-048623-CA01, Defendant State Court Judge MONICA GORDO, maliciously, intentionally and with the intent to intimidate the Plaintiff and protect the other Defendants, struck certain allegations. Said allegations illustrated the crimes that the Defendants RUSSELL GALBUT, MIRADOR 1200 CONDOMINIUM, INC., RONALD WOLFF, ERIC GRABOIS, ERIC J. GRABOIS, P.L., and PEYTON BOLLIN, P.L. committed against the Plaintiff.

29. Furthermore, Defendant State Court Judge MONICA GORDO issued a non-judicial order to the Defendant JOHN DOE, a bailiff not assigned to her, to stalk, follow, batter and extrajudicially punish and intimidate the Plaintiff around the Miami-Dade County Courthouse, where the aforementioned bailiff JOHN DOE surreptitiously and intentionally battered the Plaintiff from the back by way of attempting to pull the Plaintiff's jacket and shirt off, every time that the Plaintiff went to Court to represent himself in the action <u>Mirador 1200 Condominium Association, Inc. vs. Peter M. Vujin</u>, numbered 2009-048623-CA01. The non-judicial order by Defendant MONICA GORDO was made with the malicious and unlawful intent to intimidate the Plaintiff from the prosecution of his Counterclaim, that would prove that Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., is an organized scheme to defraud. Said non-

judicial actions of Defendant MONICA GORDO constitute unlawful, cruel and unusual, extrajudicial punishment, designed to illegally advance the interests of the other Defendants, and are not covered by any immunity as not traditionally a function of a Judge of the State of Florida.

30. Defendant PEYTON BOLLIN, P.L., unlawfully advised, aided and abetted Defendant RONALD WOLFF, who, upon orders of Defendant RUSSELL GALBUT, had the Plaintiff and his friend Mr. Julio Gomez effectively kidnaped under threat of a gun from the Plaintiff's residence, burgled the Plaintiff's residence, battered the Plaintiff, stalked and harassed the Plaintiff, and committed a plethora of other crimes, as aided and abeted by the Defendant PEYTON BOLLIN, P.L. Further, with the malicious and criminal intent to racketeer the Plaintiff, upon orders of Defendant RUSSELL GALBUT, Defendant PEYTON BOLLIN, P.L. filed, prosecuted and continue to prosecute a knowingly fraudulent Complaint in <u>Mirador 1200 Condominium Association, Inc. vs. Peter M. Vujin</u>, numbered 2009-048623-CA01, even though Defendant PEYTON BOLLIN, P.L., is aware that Defendant MIRADOR 1200 CONDOMINIUM ASSOCIATION, INC., never produced the Audited Financial Statements pursuant to Chapter 718, Florida Statutes, because said statements would show that Defendants RUSSELL GALBUT and RONALD WOLFF stole, and continue stealing, money and other property from the Defendant MIRADOR 1200 CONDOMINIUM, INC., in order to illegally racketeer the Plaintiff.

31. Within one hour after Defendant RONALD WOLFF, a previous officer of Defendant MIRADOR 1200 CONDOMINIUM, INC., represented by Defendant ERIC J. GRABOIS, P.L. in the aforementioned Circuit Court lawsuit, lost on a significant issue,

he lay in wait in his automobile in order to ambush the Plaintiff when the Plaintiff returned home. Defendant ERIC GRABOIS or Defendant ERIC J. GRABOIS, P.L., upon information and belief, telephoned Defendant RONALD WOLFF and advised him to assault the Plaintiff with a deadly weapon, to wit, his car. Plaintiff saw Defendant RONALD WOLFF in his immediate vicinity, waiting in his car with the intent to run the Plaintiff down. The Plaintiff felt extremely scared for his life and left the scene in a hurry. Since that day, Plaintiff lives in fear for his life.

32. Shortly thereafter, Defendant ERIC GRABOIS filed a perjurious Bar Complaint against the Plaintiff, with the intent to harass, intimidate and prevent the Plaintiff from the prosecution of his Counterclaim in the aforementioned Circuit Court action, and thereby aid and abet the criminal actions of himself, and the other Defendants, and to disable the Plaintiff from representing similarly-situated victims of the Defendants.

33. Defendant JENNIFER FALCONE, attorney for the Defendant THE FLORIDA BAR, with the malicious intent to intimidate, harass and obstruct the Plaintiff, and with the nefarious purpose to prevent the Plaintiff from representing similarly-situated victims of the Defendants, ignored her special duty as prosecutor and thereby lost her qualified immunity, and agreed and conspired with the other Defendants to unlawfully prosecute the Plaintiff, filed a fraudulent, malicious, dissolute and incomprehensible Bar Complaint, fraudulently induced the Court to enter Default without Notice or a Hearing, despite the fact that the Plaintiff filed his Notice to Defend on the Merits, Motion to Dismiss, and Motion for a More Definite Statement, before the entry of Default in the sham proceeding maintained by Defendant THE FLORIDA BAR at the present.

34. Further, Defendant JENNIFER FALCONE accepted a bribe, or was otherwise corruptly influenced and ordered by Defendant RUSSELL GALBUT, to unlawfully persecute the Plaintiff via the aforementioned sham Bar Complaint, with the nefarious purpose to deprive the Plaintiff of his civil rights and his Office of Attorney.

35. Defendant THE FLORIDA BAR accepted a bribe, or was otherwise corruptly influenced and ordered by Defendant RUSSELL GALBUT, to unlawfully persecute the Plaintiff via the aforementioned sham Bar Complaint, with the nefarious purpose to deprived the Plaintiff of his civil rights and his Office of Attorney.

36. Defendant JOHN DOE, unknown bailiff and employee of Miami-Dade County, unlawfully, intentionally and forcefully battered the Plaintiff, by grabbing the Plaintiff's jacket and shirt from the back, pursuant to the non-judicial order of Defendant MONICA GORDO, who herself was acting upon orders of Defendant RUSSELL GALBUT.

37. All Defendants, except the Honorable MICHAEL HIGER, President of the Florida Bar, unlawfully and with a depraved and nefarious intent, conspired to do all of the aforementioned acts in order to illegally deprive Plaintiff of his civil rights and his Office of Attorney, in contravention of the Constitution of the United States, the Constitution of the State of Florida, and the relevant Statutes of the United States as plead above.

38. Honorable MICHAEL HIGER, President of the Florida Bar, is named in this action in his official capacity only, for procedural reasons. In the alternative, upon information and belief, the Plaintiff respectfully alleges that MICHAEL HAGER, as the President of the Florida Bar, has a duty to supervise Defendant THE FLORIDA BAR, but has negligently failed to do so.

39. Defendants have conspired to deprive the Plaintiff, PETER M. VUJIN, ESQUIRE, of Due Process of Law, Equal Protection of the Laws, and Equal Privileges and Immunities guaranteed by the Constitution of the United States, and the Constitution of the State of Florida, and the relevant statutes, by force, intimidation, and threats.

40. Defendants have acted in furtherance of the conspiracy and committed illegal overt acts and crimes that caused physical injury, severe emotional distress, loss of property, to wit, Plaintiff's previous condominium unit located at the premises of Defendant MIRADOR 1200 CONDOMINIUM, INC., and caused other damages to the Plaintiff who had to pay for doctors and attorneys due to the actions of the Defendants.

41. Defendants at all relevant times acted under color of Law of the State of Florida.

42. There exists an actual controversy between the Plaintiff and the Defendant as alleged in this Complaint.

43. This Action for Declaratory Judgment, Injunctive Relief, and Damages is the Plaintiff's only means of securing adequate relief for his injuries.

44. Defendant's actions, and threatened actions, present a threat or immediate and irreparable injury to the Plaintiff, and as such, warrant the exercise of this Honorable Court's Jurisdiction.

45. Plaintiff has suffered, is currently suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct, as alleged in this Complaint, unless Defendants are enjoined by this Honorable Court.

## RELIEF REQUESTED

46. Plaintiff respectfully requests a declaration that Defendants have violated Plaintiff's Rights under the Constitution of the United States, the Constitution of the State of Florida, Statutes of the United States, and Statutes of the State of Florida.

47. Plaintiff respectfully requests a declaration that Defendants have conspired to violate Plaintiff's Rights under the Constitution of the United States, the Constitution of the State of Florida, Statues of the United States, and Statutes of the State of Florida.

48. Plaintiff respectfully request injunctive relief to restrain the Defendants from violating his civil rights, among others: to cease to deprive Plaintiff of the Due Process of Law; to cease from battering Plaintiff when he goes to the Miami-Dade County Courthouse; to cease from persecuting Plaintiff via fraudulent, malicious and abominable sham Bar Complaints, to case from persecuting Plaintiff via said Bar Complaints with the purpose to deny Plaintiff's Free Speech Rights; to cease committing crimes against Plaintiff under color of Law; to cease scaring, harassing and intimidating premiere attorneys who are members of the Florida Bar who are now scared to represent Plaintiff; and for all other just relief.

49. Plaintiff respectfully requests monetary damages for the injuries that he suffered.

50. Plaintiff respectfully requests a Jury Trial on all issues so triable.

**JURY DEMAND**

Plaintiff politely requests a Jury Trial in this cause, on all issues so triable.

**ALL OF WHICH IS RESPECTFULLY SUBMITED:**
**/s/**
Peter M. Vujin, esq.
1200 West Avenue #824
Miami Beach, Florida, 33139
Officer of the Court No. 641243
petermvujinesq@gmail.com / 786.899.3460

Of Counsel: Robert H. Weber III
(Limited to discovery, notice and settlement purposes, only.)
University Drive, Suite 12G